IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02549-CMA-NYW

CLARENDON NATIONAL INSURANCE COMPANY as successor by way of a merger with Sussex Insurance Company *f/k/a* Companion Property & Casualty Insurance Company, and Companion Specialty Insurance Company,

    Plaintiff,

v.

STEPHANIE GLICKAUF,
ROBERT M. DARROCH, and
GOODMAN MCGUFFEY, LLP,

    Defendants.

---

**ORDER AFFIRMING ORDER OF UNITED STATES MAGISTRATE JUDGE NINA Y. WANG AND OVERRULING PLAINTIFF'S OBJECTION**

---

    This matter is before the Court on review of the Order by United States Magistrate Judge Nina Y. Wang (Doc. # 71), wherein she granted Defendants Stephanie Glickauf, Robert M. Darroch, and Goodman McGuffey, LLP's (collectively, "Defendants") Motion to Transfer Venue (Doc. # 36). On May 15, 2019, Plaintiff Clarendon National Insurance Company filed an Objection to the Order. (Doc. # 73.) On May 20, 2019, Defendants responded to Plaintiff's Objection. (Doc. # 74.) For the following reasons, Plaintiff's objections are OVERRULED and the Magistrate Judge's Order is AFFIRMED.

# I. BACKGROUND

Magistrate Judge Wang provided a thorough recitation of the factual and procedural background in this legal malpractice case in her Order on Motion to Transfer. (Doc. # 71.) The Order is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a), and the facts will be repeated only to the extent necessary to address Plaintiff's objections.

## A. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an Illinois insurance company that issues commercial general liability policies to construction professionals in various states, including Colorado. (Doc. # 1 at 1, 5.) Defendants are two attorneys and their law firm, with a primary place of business in the State of Georgia, which Plaintiff retained as its insurance counsel. (*Id.* at 3.) None of the parties are Colorado residents.

Plaintiff alleges that Defendants breached their duty to Plaintiff in two ways. First, Plaintiff claims that Defendants provided incorrect coverage advice upon which Plaintiff relied to deny coverage to its policyholders. (*Id.* at 5.) Second, Plaintiff claims that Defendants failed to properly identify insurance coverage defenses. (*Id.*) According to Plaintiff, these breaches of duty caused Plaintiff to settle a Colorado lawsuit on behalf of its policyholder for an amount of money that was much more than necessary and to be named as a defendant in multiple Colorado lawsuits. (*Id.*) However, none of the Defendants' legal advice was rendered from Colorado. (Doc. # 71 at 11.)

On October 4, 2018, Plaintiff initiated this civil action (Doc. # 1), and on January 30, 2019, Plaintiff filed a Second Amended Complaint in the United States District Court

for the District of Colorado, alleging two causes of action (Doc. # 49). First, Plaintiff claims that Defendants were negligent as to their professional duties and committed legal malpractice. (*Id.* at 20–22.) Second, Plaintiff claims that Defendants violated the Consumer Protection Act ("CCPA") by knowingly making false representations and engaging in unfair and deceptive trade practices. (*Id.* at 22–30.)

On January 7, 2019, Defendants moved to transfer this action to United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1391 and 1406. (Doc. # 36.) Defendants contend that venue in the District of Colorado is improper because Defendants' alleged negligence, legal malpractice, and CCPA claims would have occurred in the course of their legal representation of Plaintiffs at their law office in Atlanta, Georgia. (*Id.* at 10.) On January 8, 2019, this Court referred Defendants' Motion to Transfer to Magistrate Judge Wang for disposition. (Doc. # 37.)

**B.    THE MAGISTRATE JUDGE'S ORDER**

Magistrate Judge Wang granted Defendants' Motion to Transfer on May 1, 2019. (Doc. # 71.) After observing that "at the core of this action are Plaintiff's allegations that it reasonably and detrimentally relied upon Defendants' coverage evaluation and legal advice[,]" the Magistrate Judge concluded that Plaintiff's legal analysis substantially occurred in Atlanta, Georgia. (*Id.* at 15.) She then determined that venue in the District of Colorado was improper, and therefore, the case could not be tried in this jurisdiction. As a result, pursuant to 28 U.S.C. § 1406(a), the Magistrate Judge transferred this case to the appropriate venue. (*Id.* at 19.)

On May 15, 2019, Plaintiff timely objected to the Magistrate Judge's Order transferring this case. (Doc. # 73.) Therein, Plaintiff first argues that Magistrate Judge Wang should have issued a recommendation, not an order. (*Id.* at 2.) Second, Plaintiff disputes the Magistrate Judge's determination that venue was improper. (*Id.* at 4.) On May 20, 2019, Defendants filed their response to Plaintiff's Objection. (Doc. # 74.) For the following reasons, the Court affirms Magistrate Judge Wang's Order and overrules Plaintiff's Objection.

## II. <u>STANDARD OF REVIEW</u>

When a magistrate judge issues an order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is **clearly erroneous** or is **contrary to law**." Fed. R. Civ. P. 72(a) (emphasis added). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). The "'clearly erroneous' standard is 'significantly deferential.'" *Chung v. Lamb et. al.*, No. 14-cv-03244-WYD-KLM, 2018 WL 7141423, at * 1 (D. Colo. Jan. 3, 2018) (quoting *United States v. Gallegos*, 314 F.3d 456, 462 n.3 (10th Cir. 2002)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of [her] authority." *Rader v. United States*, No. 08-cv-00568-WDM-MEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008).

A motion to transfer venue is not dispositive in nature. *Berentsen v. Titan Tech. Partners, Ltd.*, No. 08-CV-02415-MSK-KMT, 2009 WL 122564, at *1 (D. Colo. Jan. 15, 2009). A matter is dispositive if the ruling effectively removes a defense or claim from the case. *In re Motor Fuel Temperature Sales Practices Litig.*, 261 F.R.D. 577, 579 (D. Kan. 2009). Similar to a motion to remand, a motion related to venue "is concerned only with which court will hear the claims and defenses, not with resolving the merits of those claims and defenses." *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Ams.*, 397 F. Supp. 2d 698, 702 (W.D.N.C. 2005).

Indeed, if a judge grants a motion to transfer under 28 U.S.C. § 1406(a), this does not dispose of the case; it simply allows the case to proceed in the appropriate forum. 28 U.S.C. § 1406(a) explains that when a case lays venue in the wrong division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

### III.   ANALYSIS

**A.   TRANSFER OF VENUE IS NOT A DISPOSITIVE MOTION**

As a threshold matter, Magistrate Judge Wang's Order to Transfer Venue is not dispositive, and therefore, it was appropriate for her to issue an order and not a recommendation. Plaintiff is incorrect that D.C.COLO.LCivR 72.3(a) mandates that motions to transfer are considered dispositive for purposes of the Court's review of a magistrate judge's order. (Doc. # 73 at 2–3.) The Federal Rules of Civil Procedure, federal law, and case law construing the same trump the Local Rules of Practice of the United States District Court for the District of Colorado. In addition, D.C.COLO.LCivR

5

72.3(a) is limited to circumstances in which the Magistrate Judge is making a "final determination of a dispositive motion with the unanimous consent of the parties[.]" In the instant case, the parties have not unanimously consented to Magistrate Judge Wang.

Contrary to Plaintiff's assertions, transfer of venue cannot be dispositive because it permits the case to proceed. Once the Magistrate Judge determined that venue was improper in the District of Colorado, 28 U.S.C. § 1406(a) required that the case transfer venue to the appropriate jurisdiction **if the case was to continue**. Because Magistrate Judge Wang's Order is not dispositive, she appropriately issued an order and not a recommendation. Therefore, this Court will apply the "clearly erroneous or contrary to law" standard in reviewing the Order. Fed. R. Civ. P. 72(a).

**B.     WHETHER TRANSFER OF VENUE WAS CLEARLY ERRONEOUS**

This Court determines that Magistrate Judge Wang's Order is not "clearly erroneous or contrary to law" because she appropriately applied the law to the facts of this case and drew reasonable conclusions from her analysis. *Id.* Particularly, she correctly applied the Tenth Circuit's two-prong analysis for evaluating venue challenges under 28 U.S.C. § 1391. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). Indeed, the Magistrate Judge properly assessed both "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and "whether substantial events material to those claims occurred in the forum district." *Id.* (internal quotation marks omitted). She determined that the nature of both of Plaintiff's claims arose from Defendants' provision of insurance coverage advice to Plaintiff, which occurred in Georgia. None of her analysis is clearly erroneous or contrary to law.

Therefore, this Court affirms her conclusion that transfer of venue is proper. The Court now considers Plaintiff's objections in turn.

    1.    <u>Whether the Magistrate Judge Correctly Applied the First Prong</u>

Plaintiff objects to the Magistrate Judge's characterization of the events as taking place where the Defendants were physically located when they provided legal advice to Plaintiff. (Doc. # 73 at 5–6.) Instead, Plaintiff describes that by looking at the totality of the circumstances, including the "damages in Colorado that were proximately caused by Defendants' untruthful letters sent to Colorado insureds in Colorado[,]" venue in Colorado is appropriate. (*Id.* at 6.) In other words, Plaintiff contends that Magistrate Judge Wang improperly weighted the fact that Defendants rendered legal advice from Georgia in describing the nature of the claims as opposed to focusing on the effects of such alleged deficient legal advice. (*Id.* at 5–6.) The Court disagrees.

Magistrate Judge Wang's examination of the nature of the Plaintiff's claims and the acts and omissions underlying those claims is not clearly erroneous. She observed that Defendants' provision of legal advice to Plaintiff regarding insurance coverage under Colorado law underlies Plaintiff's negligence/malpractice and CCPA claims. (Doc. # 71 at 9–10 (citing Doc. # 1 at ¶¶ 15, 20, 21, 24–26, 30–96, 98–102).)

There is nothing clearly erroneous about Magistrate Judge Wang's application of the first prong. That the Magistrate Judge placed more emphasis on Defendants' conduct rather than where the effect of Defendants' conduct occurred in characterizing the nature of Plaintiff's claims and the acts or omissions underlying those claims is not contrary to law. *See Goff v. Hackett Stone Co.*, 185 F.3d 874 (Table), 1999 WL 397409

at *1 (10th Cir. June 17, 1999) (explaining that "venue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim, the 'focus [is] on relevant activities of the defendant, not of the plaintiff'") (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)); *see also Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1286–87 (D.N.M. 2012) (holding that District of New Mexico was improper venue because accident underlying negligence claim occurred in different forum and damages suffered "do not constitute a substantial part of the events giving rise to the claim") (citing *Hanyuan v. Garcia*, 553 F. Supp. 2d 962, 965 (N.D. Ill. 2008)); *Hanson v. Bosley and Bratch*, Case No. 17-cv-01489-PAB-STV, 2018 WL 4491424, at *3 (D. Colo. Sept. 18, 2018) (explaining that in a legal malpractice claim, "[t]he events that bear a direct relationship to plaintiff's claim are defendants' act and omissions in representing plaintiff during the period that the malpractice allegedly occurred"). Accordingly, her application of the first prong is not clearly erroneous.

    2.    <u>Whether the Magistrate Judge Correctly Applied the Second Prong to Plaintiff's Malpractice Claim</u>

Plaintiff also objects to the Magistrate Judge's application of the second prong on three grounds. First, Plaintiff asserts that Magistrate Judge Wang improperly relied upon the Tenth Circuit's *Goff* opinion to exclude any consideration of Plaintiff's activities and the damages suffered by Plaintiff in determining whether the substantial events material to Plaintiff's claims occurred in Colorado. (Doc. # 73 at 7–9.) However, Plaintiff's position is unavailing.

Relying on *Goff*, the Magistrate Judge emphasized that the court's "focus is on relevant activities of the defendant, not of the plaintiff." (Doc. # 71 at 9–10 (citing *Goff*,

8

1999 WL 397409 at *1). Magistrate Judge Wang then determined that the "substantial events material" to Plaintiff's claims of negligence and legal malpractice occurred in Atlanta, Georgia, because that is where Defendants rendered the legal advice in question. (Doc. # 71 at 13.) Plaintiff's chief complaint with the Magistrate Judge's reliance on *Goff* is that the opinion is "unpublished" and contrary to unpublished District of Colorado opinions and other non-binding case law. (Doc. # 73 at 7 (citing *Wedelstedt v. Law Offices of Goldstein, Goldstein and Hilley*, Case No. 05-cv-01820-PSF-MJW, 2006 WL 241136, at *3 (D. Colo. Jan. 31, 2006)). The Court is unconvinced. That Magistrate Judge Wang determined that the Tenth Circuit's *Goff* decision was more persuasive than other non-binding district court decisions is not legally erroneous.[1] Plaintiff fails to proffer binding legal authority holding otherwise. Therefore, Plaintiff's objection as to *Goff* is overruled.

The second and third bases upon which Plaintiff objects to the Magistrate Judge's application of the second prong pertain to her determination that the letters that Defendants sent on behalf of Plaintiff to Colorado insureds were a consequence of, and not the conduct giving rise to, Plaintiff's claims. (Doc. # 73 at 9–15.) Plaintiff contends that the Magistrate Judge's analysis "ignores the fact that the alleged breach is Defendants' issuance of denial letters that incorrectly applied and expressed Colorado insurance coverage law while acting as Clarendon's legal representative" and that

---

[1] Indeed, the United States Supreme Court has cited the following proposition with approval: "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Fed. Practice § 134.02[1] [d], 134–26 (3d ed. 2011)).

"Defendants were negligent in the act of sending the letters to Colorado in itself[.]" (*Id.* at 10.) Again, the Court disagrees.

The Magistrate Judge drew a sharp distinction between the denial letters sent to insureds in Colorado and the corresponding effects—**consequences** of Defendants' purported actions—and the formulation and analysis of Defendants' legal advice in Georgia—the actual **conduct** giving rise to Plaintiff's claims. (Doc. # 71 at 14.) As a result, she concluded that when Defendants sent letters to Plaintiff's insureds in Colorado, that activity was only tangentially related to Plaintiff's claims as opposed to constituting the "substantial event" that was material to the claims, which occurred in Georgia. (*Id.* at 14, 16.) In concluding so, the Magistrate Judge relied on persuasive authority set forth both within and outside of the District of Colorado. (*Id.* at 14–15 (citing *Furr v. Aguilar*, No. 04-cv-02385-WYD-CBS, 2005 WL 1801627, at *1–5 (D. Colo. July 28, 2005) (transferring legal malpractice and breach of fiduciary duty action to California where defendants represented plaintiff in California and "legal malpractice claim arose from relationship entered into in California"); *Hanson*, 2018 WL 4491424 at *3 (transferring legal malpractice action to Arizona because legal work related to plaintiff's representation was performed in Arizona); *Sanchez v. Miller*, Case No. 15-cv-01615-REB-MEH, 2016 WL 675816, at *3–4 (D. Colo. Feb. 19, 2016) (holding that venue in Colorado was improper where plaintiff asserted Colorado Organized Crime Act claim against insurance company employee alleging that employee certified inaccurate and incomplete insurance policies because employee performed all work related to insurance claim in Minnesota and reasoning that "Section 1391(b)(2) inquires where the

events giving rise to the suit occurred, not where their effects later may have been realized or felt"); *Hensell Corp. v. Childerston*, No. CIV. A. 99-2972, 1999 WL 549027, at *4 (E.D. Pa. July 28, 1999) (holding that venue was not proper in Pennsylvania because events and omissions giving rise to legal malpractice claims, such as the legal work itself, occurred in Delaware, even though documents related to malpractice were subsequently sent to Pennsylvania and plaintiff allegedly suffered harm in Pennsylvania).)

Plaintiff fails to establish that Magistrate Judge Wang's analysis was legally flawed. Indeed, Plaintiff's attempt to distinguish the cases cited by Magistrate Judge Wang is futile; and Plaintiff's recital of contrasting non-binding authority neither persuades nor requires this Court to determine that the Magistrate Judge's decision was clearly erroneous. (Doc. # 73 at 9–14.) As discussed above, in the absence of binding case law providing otherwise, Magistrate Judge Wang's choice to follow non-binding persuasive authority over other non-binding persuasive authority does not render her Order as legally deficient. Indeed, there is nothing clearly defective about Magistrate Judge Wang's reliance on the aforementioned case law in determining that Defendants' alleged erroneous legal analysis (which occurred in Georgia) comprised the "significant events" giving rise to Plaintiff's malpractice claim rather than the effect of such alleged malpractice, i.e., sending the denial letters to Colorado. As such, Plaintiff's objections as to the Magistrate Judge's application of the second prong are overruled.

### 3. Whether the Magistrate Judge Erred in Determining That Venue was Improper as to Plaintiff's CCPA Claim

Plaintiff objects the Magistrate Judge's decision that venue in Colorado was improper as to the CCPA claim based on its previous arguments that Defendants' issuance of denial letters to Colorado insureds and the effects felt by Plaintiff in Colorado constituted significant events giving rise to Plaintiff's malpractice and CCPA claims. (Doc. # 73 at 15.) However, as set forth above, the Court has already concluded that the Magistrate Judge's rejection of Plaintiff's previous arguments was neither clearly erroneous nor contrary to law. Plaintiff's objections regarding the CCPA claim are similarly rejected.

To succeed on a CCPA claim, the Magistrate Judge correctly determined that Plaintiff must establish that Defendants "knowingly engaged in a deceptive trade practice, which occurred in the course of an attorney or firm's business . . .". (Doc. # 71 at 16.) Magistrate Judge Wang reasoned that the "conduct giving rise to [Plaintiff's CCPA claim] focuses on Defendants' conduct in investigating the claims of Clarendon's insureds from Colorado," which would have occurred in Georgia. (*Id.* at 17.) Indeed, the Magistrate Judge correctly observed that it was Plaintiff who consumed Defendants' legal services, not Plaintiff's insureds in Colorado to whom Defendants directed their letters. (*Id.*) As such, because "the provision of legal services by Defendants to Plaintiff occurred overwhelmingly in Atlanta, Georgia, not Colorado[,]" the Magistrate Judge correctly concluded that significant events giving rise to Plaintiff's CCPA claim occurred in Georgia, and a result, venue in Colorado was improper as to the CCPA claim.

Therefore, Plaintiff's objection to the Magistrate Judge's venue analysis as to the CCPA claim is OVERRULED.

## IV. **CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiffs' Objection (Doc. # 73) to the Order is OVERRULED;

2. The Order of Magistrate Judge Wang (Doc. # 71) is AFFIRMED;

3. Defendants' Motion to Transfer (Doc. # 36) is GRANTED and Plaintiffs' action shall remain transferred to the United States District Court for the Northern District of Georgia.

DATED: December 23, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge